**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-645-2700*

2025R00282/PG

March 6, 2026

Linda Foster, Esq.
Office of the Federal Public Defender
1002 Broad Street
Newark, NJ 07102

Re: Rule 11(c)(1)(C) Plea Agreement with DARLIN LEON

Dear Ms. Foster

This letter sets forth the plea agreement between your client, DARLIN LEON, and the United States Attorney's Office for the District of New Jersey ("this Office"). This offer will expire on March 16, 2026, if it is not accepted in writing by that date. If LEON does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from LEON to an Information which charges LEON with assault on a federal officer, contrary to Title 18, United States Code, Sections 111(a)(1) and (b). If LEON enters a guilty plea and is sentenced to **a sentence of imprisonment of time served, with no supervised release to follow (the "Stipulated Sentence")** and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against LEON for assaulting a federal officer on or about March 28, 2025.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against LEON even if the applicable statute of limitations period for those charges expires after LEON signs this agreement, and LEON agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, LEON may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), LEON will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

Sentencing

The violation of Title 18 U.S.C. Section 111(a)(1) and (b) to which LEON agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentence may run consecutively to any prison sentence LEON is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and LEON agree that **the Stipulated Sentence** is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court **must** sentence LEON to a **sentence of imprisonment of time served with no supervised release to follow**.

Further, in addition to imposing any other penalty on LEON, the sentencing judge as part of the sentence:

(1) will order LEON to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; and

(2) may order LEON to pay restitution pursuant to 18 U.S.C. § 3663.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on LEON by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of LEON's activities and relevant conduct with respect to this case.

Stipulations

This Office and LEON will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes the **Stipulated Sentence**, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, LEON will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim LEON pursues in an appropriate forum, when permitted by law, that LEON received constitutionally ineffective assistance of counsel.

Immigration Consequences

LEON understands that, if LEON is not a citizen of the United States, LEON's guilty plea to the charged offense will likely result in LEON being subject to immigration proceedings and removed from the United States by making LEON deportable, excludable, or inadmissible, or ending LEON's naturalization. LEON understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. LEON wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause LEON's removal from the United States. LEON understands that LEON is bound by this guilty plea regardless of any immigration consequences. Accordingly, LEON waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. LEON also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against LEON. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him, including under the False Claims Act, 31 U.S.C. §§ 3729-3733.

No Other Promises

This agreement constitutes the entire plea agreement between LEON and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

TODD BLANCHE
U.S. DEPUTY ATTORNEY

GENERAL

PHILIP LAMPARELLO
SENIOR COUNSEL

/s/ *Priscilla Gabela*___________
By: PRISCILLA GABELA
Special Assistant U.S. Attorney

APPROVED:

/s/ TIMOTHY M. LANNI
TIMOTHY M. LANNI
ACTING DEPUTY CRIMINAL CHIEF

I have received this letter from my attorney, Linda Foster Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

DARLIN LEON

Date: 3-17-26

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

Linda Foster, Esq.
Counsel for Defendant

Date: 3/17/26

Rule 11(c)(1)(C) Plea Agreement With DARLIN LEON

Schedule A

This Office and LEON agree to stipulate to the following facts:

1. This Office and LEON recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2025, applies in this case.

3. The applicable guideline is U.S.S.G. § 2A2.4. The base offense level applicable to this offense is 10. *See* U.S.S.G. § 2A2.4(a).

4. Because the victim sustained bodily injury, the Specific Offense Characteristic results in an increase of two levels. *See* U.S.S.G. § 2A2.3 (b)(1)(A).

5. Because the offense involved physical contact, the Specific Offense Characteristic results in an increase of three levels. *See* U.S.S.G. § 2A2.3 (b)(1)(2).

6. The offense level is 15.

7. As of the date of this letter, LEON has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if LEON's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

8. Accordingly, the parties agree that the total Guidelines offense level applicable to LEON is 13.